```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

WAYNE BAINES,                         :
                                      :
     Plaintiff                        :
                                      :    CIVIL NO. 1:CV-08-0252
     vs.                              :
                                      :    (Judge Caldwell)
ELIZABETH POWELL, *et al.*,           :
                                      :
     Defendants                       :

*M E M O R A N D U M*

I.    *Introduction*

   The pro se plaintiff, Wayne Baines, an inmate at USP-Canaan, Waymart, Pennsylvania, filed this lawsuit against Elizabeth Powell, a supervisor with the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), and Maria Freeman, a CSOSA agent. The defendants have filed a motion to dismiss, or in the alternative, for summary judgment.

   Plaintiff is serving time in federal prison on a conviction from the District of Columbia, and he believes the defendants violated his constitutional rights by rejecting potential housing locations for him that would have led to his release on parole. As a consequence, he remains confined. Plaintiff seeks compensatory and punitive damages.

The defendants' motion argues the following: (1) the suit against the defendants in their official capacities is barred by sovereign immunity; and (2) the defendants are entitled to absolute immunity or, in the alternative, qualified immunity.

Under the well established standard, *see Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008), we will grant the motion for summary judgment. We agree with the defendants that if Plaintiff is suing them in their official capacities, the suit is barred by sovereign immunity. We also agree that they are entitled to absolute immunity for the claim against them in their individual capacities. We add that the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), means that he has no cognizable civil rights action in any event.

II.   *Background*

Plaintiff's complaint is minimal. It alleges that both defendants are supervisors at "Community Service," that Freeman was the "first level of denial of the housing assignments . . . even using a lawyer," and that Powell "denie[d] any relief . . . requested [for] all recommended locations and g[ave] no means to comply with plaintiff's release." In his opposition to the defendants' motion, he also argues they should have allowed him to

live with his mother.[1] As noted, Plaintiff seeks compensatory and punitive damages.

In February 1998, Plaintiff was sentenced in the District of Columbia for the offenses of the unauthorized use of a motor vehicle, attempted first degree child sexual abuse, contempt, and attempted threats. (*Baines v. Hill*, No. 1:CV-08-471, M.D. Pa., doc. 18-2, Ex. 1).[2] It appears he was sentenced to a maximum sentence of twenty years and 405 days. On June 20, 2006, the Commission paroled him, but on July 12, 2007, it revoked his parole.[3] (*Baines v. Hill*, No. 1:CV-08-471, doc. 18-2, Ex. 2 and 3).

Attached as an exhibit to the complaint are documents that provide some more detail. One document is a letter, dated September 25, 2007, from Freeman to a case manager at USP-Lewisburg objecting to a plan that would place Plaintiff in a shelter and requesting that Plaintiff be placed in a halfway house instead. The letter noted the "lack of a suitable residence" and his "high criminality." (Doc. 1-2, CM/ECF p. 5). Another document

---

[1] In his opposition, Plaintiff also requests a lawyer. Under the standard for deciding that request, *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002), appointment of counsel is not warranted, as Plaintiff's claim has no merit.

[2] *Baines v. Hill* is a second civil rights case Plaintiff has brought seeking compensation for denial of parole.

[3] The Commission has the responsibility of making parole decisions for District of Columbia felons. *See* D.C. Code § 24-131(a).

-3-

is a series of e-mail exchanges from October 19, 2007, through October 23, 2007, between a public defender for the District of Columbia and Freeman, but with the last e-mail coming from Powell. These exchanges reveal that the United States Parole Commission had set a parole date effective as of November 1, 2007, for Plaintiff but that the CSOSA had objected to his release plan because his housing arrangement would be inconsistent with public safety. Powell's October 23, 2007, e-mail to the public defender indicated that the CSOSA had submitted an approved plan for Plaintiff and was awaiting a decision from the Bureau of Prisons.

In moving for summary judgment, the defendants provide some more background. In setting Plaintiff's parole date as November 1, 2007, the Commission specified that it would be contingent upon approval of his release plan by the Commission after an investigation by the CSOSA which would submit a report to the Commission before a parole certificate would be delivered. (*Baines v. Powell*, Doc. 18-2, p. 3, Commission decision of July 12, 2007).

Plaintiff was not released on that date. The Commission reopened his case on November 8, 2007, and retarded parole until December 1, 2007. (*Baines v. Hill*, doc. 18-2, Ex. 4). On January 11, 2008, the Commission retarded his parole again, nunc pro tunc effective December 1, 2007, for ninety days with an effective

parole date of February 29, 2008. (*Id.*, Ex. 5). On February 29, 2008, the Commission again retarded Plaintiff's parole, stating it was for "release planning purposes." (*Id.*, Ex. 7). According to a note made hy a CSOSA agent on March 18, 2008, following a conversation with Plaintiff's Bureau of Prisons case manager, Plaintiff was still incarcerated at that time because the Commission did not want him in a shelter. According to the same note, Plaintiff was scheduled for a release planning hearing before the Commission on April 28, 2008. (*Baines v. Powell*, doc. 18-2, p. 17).

    The hearing was held on April 29, 2008. Reparole was denied because Plaintiff did not have a residence that would satisfy a suitable release plan. (*Baines v. Hill*, doc. 18-2, Ex. 8 and 9).

III.     *Discussion*

       A. *Plaintiff's* Bivens *Claim Cannot Proceed Against Defendants in Their Official Capacities*

The defendant CSOSA agents are federal officials,[4] so this constitutional claim is a *Bivens* action.[5] The defendants move to dismiss the claim to the extent it has been brought against them in their official capacities. We agree. As the defendants point out, a plaintiff cannot proceed in a *Bivens* action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, *see FDIC v. Meyer*, 510 U.S. 471, 484-85, 114 S.Ct. 996, 1005, 127 L.Ed.2d 308 (1994), or against any of the individual defendants in their official capacities. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985)(a suit against a government officer in his or her official capacity is a suit against the government). Therefore, Plaintiff's claims against the defendants in their official capacities will be dismissed. *See also Lewal v. Ali*, 289 Fed. Appx. 515, 516 (3d Cir. 2008)(per curiam) (nonprecedential) (dismissing the plaintiff's Eighth

---

[4] *See* 28 C.F.R. § 800.1 (noting the statutory authority creating the CSOSA "within the federal government as an independent executive branch agency").

[5] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Amendment medical claim against the defendants in their official capacities, observing that "[a]n action against government officials in their official capacities constitutes an action against the United States; and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver").

      B. *Defendants Are Entitled to Absolute Immunity For Recommendations to the Commission Concerning Parole*

"Probation and parole officers are entitled to absolute immunity when they are engaged in adjudicatory duties." *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989). Interviewing a potential parolee and taking part in deciding whether he should be granted parole is adjudicatory in nature. *Keller v. Pennsylvania Bd. of Prob. & Parole*, 240 Fed. Appx. 477, 481 (3d Cir. 2007)(per curiam)(nonprecedential).

      In this case, the Commission asked the defendants to investigate and to report on Plaintiff's release plan, with Plaintiff's release contingent upon the Commission's approval of the plan after the CSOSA investigation.[6] It follows that any

---

[6] Under 28 28 C.F.R. § 2.83(a), "[a]ll grants of parole shall be conditioned on the development of a suitable release plan and the approval of that plan by the Commission." We also note that District of Columbia offenders have no liberty interest in parole. *Ellis v. District of Columbia*, 84 F.3d 1413, 1415 (D.C. Cir. 1996).

recommendations the defendants may have made to the Commission that Plaintiff's proposed housing was not suitable for his parole were made while they were engaging in an adjudicatory function. Hence they are absolutely immune from a *Bivens* claim based on that conduct. *See also Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996)(probation officers who recommended against the plaintiff's release plan based on his proposed housing were entitled to absolute immunity because the recommendations were closely connected to the quasi-adjudicatory function performed by the parole commissioner who delayed parole based on the recommendations); *see also Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006)("courts conclude that individuals who perform investigative or evaluative functions at a governmental adjudicative entity's request to assist that entity in its decisionmaking process are entitled to absolute immunity").

> C. *Plaintiff has No Civil Rights Action Because*
>    *In Other Proceedings He Has Not Reversed*
>    *the Decision to Deny Him Parole or Had It*
>    *Called It into Question*

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87, 114 S.Ct. at 2372 (footnote omitted).

*Heck* applies to *Bivens* actions, *see Lora-Pena v. FBI*, 529 F.3d 503, 505 n.2 (3d Cir. 2008), and has been extended to the parole context. *See Williams, supra,* 453 F.3d at 177 (applying *Heck* in dismissing a section 1983 challenge to a parole-revocation decision); *Randolph v. New Jersey State Parole Office*, No. 07-376, 2007 WL 1521189, at \*4 (D.N.J. May 21, 2007)(*Heck* bars a section 1983 claim seeking injunctive relief against denial of parole that has not been overturned through a habeas proceeding or some other appropriate action); *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995)(parole denial).

Plaintiff's *Bivens* action calls into question the validity of the denial of his parole, and Plaintiff has not successfully challenged that denial in other proceedings, such as in a petition under 28 U.S.C. § 2241. Accordingly, in light of *Heck*, Plaintiff has failed to state a cause of action.

-9-

We will issue an appropriate order.

<pre>
                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge
</pre>

Date: March 26, 2009

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
WAYNE BAINES,                    :
                                 :
        Plaintiff                :
                                 :   CIVIL NO. 1:CV-08-0252
   vs.                           :
                                 :   (Judge Caldwell)
ELIZABETH POWELL, et al.,        :
                                 :
        Defendants               :
```

*O R D E R*

AND NOW, this 26th day of March, 2009, it is ordered that:

    1. The defendants' motion (doc. 15) for summary judgment is granted.

    2. The Clerk of Court shall enter judgment in favor of the defendants and close this file.

                           /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge